EL PUEBLO DE PUERTO RICO, demandante y apelado *v.* SAMUEL SOTO ONGAY, acusado y apelante.

*Número:* CR-64-310     *Resuelto:* 25 de marzo de 1965

*Jorge López Santiago,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El apelante fue convicto de conducir un vehículo de motor por un camino público mientras se encontraba bajos los efectos de bebidas embriagantes.

Al ser detenido por la policía como a las 10:30 de la mañana porque había dado un zigzag, consintió en dejarse tomar una muestra de sangre. El resultado del análisis químico de dicha muestra de sangre fue de diez centésimas del uno por ciento de alcohol por peso. El químico declaró que para que una persona tenga en la sangre diez centésimas del uno por ciento de alcohol por peso debe haber tomado cinco vasitos de una onza cada uno de ron 86 grados prueba. Además del resultado del análisis químico se presentó otra prueba de cargo tendiente a establecer el estado de embriaguez del acusado. La versión de éste, corroborada en parte por

el testigo de cargo, el sargento de la policía, fue que la noche anterior no durmió porque estaba en el velorio de un tío suyo; que durante la noche se tomó varias cervezas, la última de ellas a las 7:00 de la mañana, que del velorio salió para su casa a llevar unos parientes suyos y que el zigzag se produjo cuando trató de esquivar un hoyo en la carretera; que luego al ser llevado al Cuartel de la Policía continuó conduciendo el automóvil.

Al pronunciar su sentencia condenatoria el juez de instancia aparentemente no descansó en la otra prueba testifical sobre el estado del acusado y sí en el resultado del análisis químico y el testimonio del químico. Se expresó así dicho magistrado:

"Póngase de pié el acusado. Si lo único que hubiese en la prueba fuese el hecho de que al momento de tomarse la prueba de sangre . . . la muestra de sangre tenía punto diez en la sangre —si eso fuese lo único que tuviera que resolver el Tribunal—pero resulta que de la prueba ante el Tribunal surge que el acusado venía guiando el carro como a las diez y treinta de la mañana y se había tomado el último palo de ron, cerveza o lo que fuera alrededor de las siete de la mañana. O sea: de acuerdo con el testimonio del perito químico y según la prueba, el acusado tenía que tener .18 en la sangre al momento de guiar el vehículo.

"El Tribunal lo declara culpable y le impone diez días de cárcel y le suspende la licencia por un año." (T.E. págs. 85, 86.)

El hecho de que en la sangre del acusado había diez centésimas del uno por ciento de alcohol por peso no constituye base para presumir que el acusado estaba o no bajo los efectos de bebidas embriagantes aunque dicha prueba puede ser considerada conjuntamente con otra evidencia competente para determinar la culpabilidad o inocencia del acusado. Sin embargo, el juez sentenciador determinó que de acuerdo con la prueba el acusado "tenía que tener .18 en la sangre al momento de guiar el vehículo". La prueba no sostiene esa conclusión. El por ciento de alcohol en la sangre del acusado al momento de conducir el vehículo de motor era de diez

centésimas del uno por ciento de alcohol por peso. El acusado no fue denunciado porque horas antes de ser detenido por la policía podía estar conduciendo un vehículo de motor bajo los efectos de bebidas embriagantes. El fallo debió fundarse en el estado de embriaguez del acusado en el momento de su detención. La conclusión del juez fijando en .18 del 1% de alcohol por peso en la sangre del acusado es puramente especulativa y no puede servir de base a su convicción. Véase *Pueblo* v. *Torres Rivera*, 90 D.P.R. 796 (1964).

*Se revocará la sentencia apelada y se dictará otra absolviendo al acusado.*